IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 10 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02303-BNB

RAYMOND ANTHONY LEWIS, On Behalf of Himself and the Inmates who are or may
    in the future be Incarcerated at the Adams County Detention Facility (ACDF),
    and
AKINYELE CHATMAN, a.k.a "A-1,"

    Plaintiffs,

v.

DOUG DARR, Sheriff of Adams County,
JAMES (JIM) WILBOURNE, Sheriff's Captain, Adams County,
CLINTON TWEDEN, Sheriff's Lieutenant, Adams County,
MELANIE GREGORY, Technical Services Manager for Adams County Detention
    Facility-A.C.D.F.,
STERRITT FULLER, Programs Coordinator, ACDF,
CANDACE WUCHTER, Programs Specialist/Law Assistant, ACDF,
MARTHA ELLIS, Programs Specialist/Law Assistant, ACDF,
LORRI HUFF, Programs Specialist/Law Assistant, ACDF,
HAL WARREN, County Attorney, Adams County,
ADAMS COUNTY SHERIFF'S OFFICE, COLORADO,
ADAMS COUNTY DETENTION FACILITY, COLORADO,
ADAMS COUNTY ATTORNEY'S OFFICE, COLORADO, and
AMERICAN CORRECTIONAL ASSOCIATION, Lanham, Maryland, Each Named
    Individual Person in Their Offical [sic] and Individual Capacities, and Each
    Separate Named Entity as a Whole,

    Defendants.

---

ORDER DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT

---

Plaintiffs currently are incarcerated at the Adams County Detention Facility. On November 1, 2005, Plaintiff Lewis submitted a Letter and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 to the Court. Magistrate

Judge O. Edward Schlatter entered an order on November 15 instructing Plaintiff Lewis to file the claims on a Prisoner Complaint form and to submit a certified copy of his trust fund account statement. On November 29, Plaintiff Lewis filed his claims on a Prisoner Complaint form. Subsequently on December 5, both Plaintiffs filed a Motion to Supplement, and on December 6, Plaintiff Chatmon filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Schlatter, on December 9, instructed Plaintiff Chatmon to submit a certified copy of his trust fund account statement. Magistrate Judge Schlatter also denied Plaintiff's Motion to Supplement on December 13 and granted both Plaintiffs leave to proceed pursuant to § 1915. Plaintiff Lewis was granted leave to proceed without payment of an initial partial filing fee and Plaintiff Chatmon was directed to pay an initial partial fee of $20.00, which he did on January 31, 2006. Plaintiffs also filed an Amended Complaint on December 28.

The Court must construe the Amended Complaint liberally, because Plaintiffs are *pro se* litigants. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be ordered to file a Second Amended Complaint and state each claim succinctly as opposed to presenting a redundant narrative of events that have taken place at the Adams County Detention Facility. Plaintiffs also will be ordered to state specifically how they have exhausted administrative remedies.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them, so that they may respond, and to allow the court

to conclude that the allegations, if proven, show that the plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs' Amended Complaint filed December 28, 2005, is verbose and unnecessarily long. The Amended Complaint does not include a short and plain statement of their claims showing that they are entitled to relief in this action. See Fed. R. Civ. P. 8(a)(2).

Plaintiffs have attached at least sixty hand-written pages that include six claims. The claims are repetitive. Rather than summarizing each claim succinctly, Plaintiffs apparently expect the Court to sift through their allegations to determine who is being sued for what and how their constitutional rights have been violated. That is not the Court's job. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to

do this work for them. Plaintiffs must allege, simply and concisely, their specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Section 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. See **Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiffs have not exhausted administrative remedies with respect to each claim they assert, the entire Complaint must be dismissed.

Plaintiffs have not submitted copies of any administrative grievances, and they do not describe with specificity the steps they have taken to exhaust administrative remedies for each of the claims they raise. The action will be dismissed if they fail to amend and state with specificity how they have exhausted each stated claim. Accordingly, it is

4

ORDERED that Plaintiffs file **within thirty (30) days from the date of this Order** a Second Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and states with specificity how Plaintiffs have exhausted their administrative remedies. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiffs, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiffs fail within the time allowed to file a Second Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED February 10, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02303-BNB

Raymond Anthony Lewis
Prisoner No. 05-12725
ACDF – Unit A-3-34
150 N. 19th Ave.
Brighton, CO 80601-1951

I hereby certify that I have mailed a copy of the **ORDER** and two copies of **Prisoner Complaint** to the above-named individuals on 2/10/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk