IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02303-MSK-MJW

RAYMOND ANTHONY LEWIS, and
AKINYELE CHATMAN, a/k/a "A-1",

    Plaintiffs,

v.

DOUGLAS DARR, Sheriff of Adams County,
CLINTON TWEDEN, Sheriff's Lieutenant, Adams County,
MELANIE GREGORY, Technical Services Manager for Adams County Detention Facility - A.C.D.F.,
STERRITT FULLER, Programs Coordinator, ACDF,
CANDACE WUCHTER, Programs Specialist / Law Assistant, ACDF,
MARTHA ELLIS, Programs Specialist / Law Assistant, ACDF,
LORRI HUFF, Programs Specialist / Law Assistant, ACDF,
HAL WARREN, County Attorney, Adams County,
ADAMS COUNTY SHERIFF'S OFFICE, COLORADO,
ADAMS COUNTY DETENTION FACILITY, COLORADO,
ADAMS COUNTY ATTORNEY'S OFFICE, COLORADO,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Michael J. Watanabe, United States Magistrate Judge

Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  §1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  Plaintiffs have been instructed to make such payments. *See* Orders of December 29, 2005 (Doc. No. 12) and April 27, 2006 (Doc. No. 34).

I.

In the April 27, 2006 Order, plaintiffs were ordered to make the required monthly payments or file a certified copy of their inmate trust fund account statements

by the 15th day of each month.  Plaintiffs were advised that it was not acceptable for plaintiffs to meet their monthly obligation only when specifically called upon by the Court through an order to pay or show cause and were warned that a failure to comply with that Order would result in the dismissal of their Complaint, Amended Complaint and the civil action.

Plaintiff Raymond A. Lewis filed a letter with an attached copy of his inmate trust fund account statement on May 9, 2006 (Doc. No. 36) and plaintiff Akinyele Chatmon made a $20.00 dollar payment on May 31, 2006 (Doc. No. 38).  Plaintiffs, subsequently, have not made any payments nor have they submitted any inmate account statements showing that they have no assets and no means by which to make a monthly payment for the months of June and July 2006.  Plaintiffs therefore have not complied with the Court's April 27, 2006 Order.

II.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Court enumerated the factors to be considered when evaluating grounds for dismissal of an action.   The factors are: "1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," [and] (4) whether the Court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance.... "  *Ehrenhaus*, 965 F.2d at 920; *see also Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996)(M.J. Schlatter)(citing Ehrenhaus).  I now turn to the *Ehrenhaus* factors.

*1. Prejudice to the Defendant*

From a review of the case file, I find that plaintiffs' failure to provide either a monthly payment or to demonstrate their inability to pay by presenting verified copies of their inmate account statements has not delayed the progression of their case toward resolution, nor have defendants been prejudiced or adversely impacted.

*2. Interference With the Judicial Process*

Here, I consider plaintiffs' failure to comply with this Court's order to show cause. I recommend finding that plaintiffs' persistent failure to follow the Court's order with respect to their obligation to pay the filing fee, and the Court's continual review of his file and issuance of orders regarding the filing fee increase the workload of the Court and therefore interfere with the administration of justice.

*3. Culpability of the Plaintiff*

Plaintiffs were given expressed orders to make payments towards the filing fee or to show cause why they could not.  See Orders of December 29, 2005 and April 27, 2006.  Plaintiffs were ordered thereafter to show cause why their case should not be dismissed for the failure to make payments.  Plaintiffs failed to comply to that Order. From that record before the Court, I must draw the conclusion that plaintiffs are blameworthy because they has willfully ignored this Court's Order.

*4. Advance Notice of Sanction of Dismissal for Noncompliance*

Plaintiffs have previously been warned that they risked dismissal of their case if they continued to fail to comply with this Court's Order.  See April 27, 2006 Order.

Upon weighing the *Ehrenhaus* factors, I find that, although defendants are not prejudiced by plaintiffs' failure to follow the Court's orders, plaintiffs have impeded the

3

orderly administration of justice in general because the Court is required to evaluate plaintiffs' ability to pay each month. Plaintiffs further have disregarded and failed to respond to this Court's Order; and finally, they have been warned that their case would be dismissed if they continued to ignore Court orders. Three out of four *Ehrenhaus* factors thus weigh against plaintiffs so that a recommendation of dismissal is appropriate.

III.

Accordingly, for the reasons stated, it is

**RECOMMENDED** that the Complaint, Amended Complaint and this civil action be **dismissed with prejudice** for failure to comply with the Court's April 27, 2006 Order.

**Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of this recommendation to file with the assigned District Judge any specific written objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge as set forth in this document. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file specific written objections to the findings of fact, conclusions of law, or recommendations as set forth in this document will bar the party from *de novo* determination by the District Judge. *See United States v. Raddatz,* 447 U.S. 667, 676-83 (1980). Additionally, the failure to file specific written objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge in this**

**document will bar appellate review of the findings of fact, conclusions of law, or recommendations of the Magistrate Judge in this document.** *See Thomas v. Arn,* **474 U.S. 140 (1985);** *Talley v. Hesse,* **91 F.3d 1411 (10th Cir. 1996).**

DATED at Denver, Colorado, this 10th Day of August, 2006.

BY THE COURT:

S/Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge