IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02303-MSK-MJW

RAYMOND ANTHONY LEWIS, on behalf of himself and the inmates who are or may in the future be incarcerated at the Adams County Detention Facility (ACDF), and
AKINYELE CHATMAN, a.k.a "A-1,"

       Plaintiffs,

v.

DOUG DARR, Sheriff of Adams County,
CLINTON TWEDEN, Sheriff's Lieutenant, Adams County,
MELANIE GREGORY, Technical Services Manager for Adams County Detention Facility-
    A.C.D.F.,
STERRITT FULLER, Programs Coordinator, ACDF,
CANDACE WUCHTER, Programs Specialist/Law Assistant, ACDF,
MARTHA ELLIS, Programs Specialist/Law Assistant, ACDF,
LORRI HUFF, Programs Specialist/Law Assistant, ACDF,
HAL WARREN, County Attorney, Adams County,
ADAMS COUNTY SHERIFF'S OFFICE, COLORADO,
ADAMS COUNTY DETENTION FACILITY, COLORADO,
ADAMS COUNTY ATTORNEY'S OFFICE, COLORADO, and
each named individual person in their offical [sic] and individual capacities, and each separate
    named entity as a whole,

       Defendants.

## ORDER ADOPTING RECOMMENDATION, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation **(#39)** that the Plaintiffs' claims be dismissed because they have failed to make monthly payments towards the filing fee or file certified copies of their inmate trust fund account statements. The Recommendation was filed on August 10, 2006, and no party has objected to it.

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any

portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation.  When no objections are filed, a district court may apply whatever standard of review it deems appropriate.  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The Recommendation provides as follows.  Both Plaintiffs were granted leave to proceed *in forma pauperis* in this action.  The Court ordered them to make monthly payments of the filing fee or to file a certified copy of their inmate trust fund account statements each month.  Since May 2006, neither Plaintiff has complied with that requirement.  Evaluating the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Magistrate Judge concludes that such factors favor dismissal because the Plaintiffs' failure to comply with the Court's order have impeded the orderly administration of justice, and they were warned that dismissal could occur if they failed to comply with such order.

Such Recommendation is neither clearly erroneous nor contrary to law.  Even though they are *pro se*, the Plaintiffs are required to comply with all rules and orders of this Court.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  Indeed, the Court's file also demonstrates that the Plaintiffs did not receive the Recommendation, which was mailed to their last known address **(#40, #41)**.  Pursuant to D.C.COLO.LCivR 10.1(M), the Plaintiffs were required to notify the Court of a change of address within 10 days of any such change.  As of this date, the Court has received no such notice.  Because the Court lacks a means of contacting the Plaintiffs to compel their compliance with the Court's earlier order, nothing short of a dismissal will have any effect.

**IT IS THEREFORE ORDERED** that the Recommendation **(#39)** is **ADOPTED**. The Plaintiffs' claims are dismissed, and the Clerk of Court is directed to close this case.

Dated this 1st day of September, 2006

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge